Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
F: 208-429-8233
Email: barkley@barkleysmithlaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| ROSAURA GARCIA,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>MEADE RECOVERY SERVICES, LLC, and<br>DAINES & JENKINS, LLP<br>.<br><br>　　　　　Defendant. | Case No.: 18-cv-67<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff  Rosaura Garcia, by and through her counsel of record, Barkley

B. Smith of Barkley Smith Law, PLLC and allege her causes of action against Defendants as

follows:

## <u>INTRODUCTION</u>

1. This is an action for damages brought by an individual consumer for violations of the

   Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits

debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Ada County, Idaho and venue is appropriate for the same reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Ada County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

6. The debt Mrs. Garcia allegedly owes arises out of a personal, family, or household transaction(s).

7. Specifically, Ms. Garcia believes the debt is related to an alleged medical debt owed to U of U Cache Valley Emergency Medicine.

8. Daines & Jenkins is a Utah limited liability partnership in the business of collecting debts, with its registered address as 108 N Main St., Logan, UT 84321 and has a designated registered agent: Jonathan Jenkins, 108 N Main St., Logan UT 84321.

9. Defendant is engaged in the collection of debts from consumers using the mail, telephone and court system.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Meade Recovery Services is a limited liability company in the business of collecting debts, with its registered address as 95 W Golf Course Rd., STE 107, Logan, UT 84321 and has a designated registered agent: Jonathan Jenkins , 108 N Main St., Logan UT 84321.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **GENERAL ALLEGATIONS**

12. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

13. Daines & Jenkins contacted Ms. Garcia on or about January 2, 2018 by serving a summons, complaint and cover letter through the Ada County Sheriff in Meridian, Idaho.

14. The cover letter and summons were both signed by Jonathan Jenkins, an attorney with Daines & Jenkins. The complaint was signed by Mr. Jenkins and Gavn Meade, a representative for Meade Recovery Services.

15. Due to Mr. Jenkin's contact, Ms. Garcia became aware that Meade Recovery Services, LLC had allegedly been assigned an account relating to Ms. Garcia for collection.

16. Mr. Jenkins listed a title in the cover letter as "*Meade Recovery Services, LLC vs. Rosaura Garcia*" indicating impending litigation.

17. The cover letter stated Ms. Garcia had five (5) days from receipt of the paperwork to contact Daines & Jenkins to settle the account. If she did not contact Daines & Jenkins to settle the account within five (5) business days, the complaint would be filed against Ms. Garcia.

18. The cover letter further stated that in order for Ms. Garcia to avoid paying the cost of litigation, including attorneys fees and cost of filing, she needed to call the number provided in the demand letter to set up a payment plan

19. The complaint which was attached to the demand letter, was described as the actual

complaint which would be filed with the court in Cache County, Utah.

20.  The complaint alleged Ms. Garcia owed $236.00 in principle and $216.76 in interest on a debt incurred at U of U Cache Valley Emergency Medical Services.  The date listed for accrual of this debt is October 28, 2011.

21. The debt originated in Utah. Utah Code 78B-2-309(3) determines the statute of limitations for a contract in writing to be six (6) years, therefore the debt listed in the complaint against Ms. Garcia was past the applicable statute of limitations.

22. Defendants' statements to Ms. Garcia that Defendant would file the complaint against Ms. Garcia violated 15 U.S.C. 1692e(5) as the statement was false and misleading because Ms. Garcia could not legally incur such fees and costs.

23. The cover letter did not notify Ms. Garcia that the debt in reference was past the applicable statute of limitations in Utah or that Daines & Jenkins did not intend to file a lawsuit against Ms. Garcia because the debt was past the statute of limitations. Defendants failure to notify Ms. Garcia that Defendants could not file a complaint on a debt which is past the statute of limitations violated 15 U.S.C. 1692e.

24. Being threatened and served with this lawsuit caused Ms. Garcia substantial stress and anxiety.

## COUNT I: VIOLATION OF THE FDCPA

25. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

26. The statute of limitations in Utah for the collection on a written contract is six (6) years. U.C. 78B-2-309(3). The debt in question accrued on October 28, 2011. Defendants contact took place on January 2, 2018.

27. Defendants served Ms. Garcia with a demand letter, summons and complaint which

stated they could file the complaint against her for the debt.

28. Defendants have made false representations as to the legal status of the debt in violation of 15 U.S.C. § 1692e by representing that the alleged debt is not time-barred by the applicable statute of limitations.

      **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Release of the alleged debt;

    D.    Statutory damages of $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    E.    Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

      Respectfully submitted by,


          /s/_Barkley B. Smith_____
          BARKLEY B. SMITH
          Barkley Smith Law, PLLC